UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUE L. BROWN, CARL W. BROWN, and W. CHRISTOPHER BROWN, ) ) ) Plaintiffs, ) ) v. ) ) CONSUMER CREDIT COUNSELING ) SERVICE OF EAST TENNESSEE, INC. ) ) Defendant. ) | No.: 3:02-CV-290 (VARLAN/GUYTON) |

## MEMORANDUM AND ORDER

This ERISA case is before the Court on defendant Consumer Credit Counseling Service of East Tennessee, Inc.'s ("CCCS") Motion to Dismiss [Doc. 31]. The motion has been fully briefed by both parties and is now ripe for determination. The Court has carefully reviewed the pending motion and the relevant pleadings [Docs. 27, 28, 29, 30, 34, 35, 36].

For the reasons set forth herein, the defendant's motion to dismiss will be **DENIED**.

**I.  Factual and Procedural History**

The unusual factual and procedural history of this case are worth recounting in order to properly frame the context of the pending motion.

Plaintiffs filed this civil action on May 31, 2002, seeking relief under ERISA for actions taken by defendant, their former employer, with respect to defendant's pension plan. The case, initially assigned to United States District Judge Leon Jordan, was stayed "pending

the exhaustion of the plaintiffs' administrative remedies." [Doc. 10 at p. 4.] On August 20, 2002, defendant issued an initial administrative decision denying plaintiffs' claims. When plaintiffs did not appeal that decision within ninety (90) days, the defendant filed a renewed motion for summary judgment. The case was transferred to the undersigned and the parties were directed to resume the administrative process to allow the plaintiffs an opportunity to obtain a review of the initial administrative decision. [Doc. 21.]

On December 22, 2004, this Court ordered the parties to report on the status of the case inasmuch as no pleadings or information had been received in over a year. Both parties submitted a status report [Docs. 27, 29] indicating that defendant denied the plaintiffs' administrative appeal on December 5, 2003 [*see* Doc. 28, Ex. 4]. It is undisputed that plaintiffs took no steps to seek review of that decision in this Court prior to the December 22, 2004 order requesting a status report.

On June 8, 2004, the defendant provided plaintiffs and their counsel notice that CCCS was dissolving and that "you must file your claim ... no fewer than four (4) months from the date of this written notice. If you fail to pursue your claim, the claim will be barred pursuant to statute." [Doc. 28, Ex. 1.] On October 5, 2004, counsel for the plaintiffs responded to that notice in pertinent part as follows:

> It is our understanding that none of the funds in the benefit plan have been distributed to the general accounts of the corporation. As such, upon prevailing in the pending lawsuit, the Browns will, to the extent the plan is adequately funded, be entitled to a distribution from the plan of any additional benefits that they are to receive. Under these circumstances, the Browns do not have a claim against the corporation.

> Should we be incorrect in our understanding of the facts, i.e., the funds in the pension plan have been transferred to the corporation, then under those circumstances this letter is intended to be a claim against said proceeds and it is demanded the corporation make no distribution of these proceeds until such time as a final resolution of the above styled case has been rendered.
>
> In summary, so long as no proceeds have not been transferred from the pension plan to the corporation, our clients will not look to the corporation's accounts for satisfaction of a favorable resolution. However, if any funds have been transferred from the pension plan to the corporation then this letter is to be considered a claim against the corporation for a distribution of additional benefits as finally determined by a court of final jurisdiction.

[Doc. 28, Ex. 2.] Counsel for defendant responded on October 11, 2004, to clarify that "[t]he Defined Benefit Plan was properly terminated and its funds distributed to the Corporation. Accordingly, the Corporation holds the assets that were previously held in the Defined Benefit Plan." [Doc. 28, Ex. 3.] It is undisputed that plaintiffs have taken no further steps to assert a claim against CCCS.

## II. Defendant's Motion to Dismiss

Defendant's pending motion to dismiss asserts several reasons why this case should be dismissed. First, defendant argues that plaintiffs have not timely "commence[d] a proceeding to enforce" their claim against CCCS as required by Tennessee dissolution law set forth in Tenn. Code Ann. § 48-64-107. Thus, defendant argues the claims are barred. Second, defendant argues that plaintiffs did not provide notice of any claim within four months of the June 8, 2004 notice. Defendant points to the October 5, 2004 letter which states that "the Browns do not have a claim against the corporation." Finally, defendant

3

argues that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Alternatively, defendant suggests that plaintiffs be given 10 days to properly pursue their claims. [Doc. 31.]

Plaintiffs argue that defendant's reliance on Tenn. Code Ann. § 48-64-107 is erroneous inasmuch as state law is preempted by ERISA. Further, plaintiffs argues that they have had a claim pending against the defendant since the filing of this action and there was no reason for them to make a further claim. Plaintiffs also contend that any delays in the prosecution of this case has been for good cause. Plaintiffs assert that the statute of limitations has not expired and defendant has not shown that it has suffered any prejudice. Finally, plaintiffs argue that dismissal pursuant to Rule 41(b) is not appropriate as it would allow the defendant to serve as the final arbiter in this case. Plaintiffs also request that they have an additional 30 days in which to perfect an appeal to this Court. [Doc. 34.]

In reply [Doc. 36], defendant vigorously argues that ERISA does not preempt Tennessee law on corporate dissolution. Defendant also contends that plaintiffs have not commenced a proceeding against CCCS and their claims are now barred. Finally, defendant argues that there is no applicable statute of limitations to plaintiffs' claims that is now running; instead plaintiffs' claims are barred for failure to commence a proceeding within the statutory limitations period of Tenn. Code Ann. § 48-64-107.

**III. Analysis**

It appears that the appropriate starting point for this analysis should be consideration of Tennessee's corporate dissolution statute and the effect of that statute, if any, on plaintiffs' ERISA claims. Tenn. Code Ann. § 48-64-107 states in pertinent part as follows:

> (a) A dissolved corporation may dispose of the known claims against it by following the procedure described in this section.
> (b) The dissolved corporation shall notify its known claimants in writing of the dissolution at any time after its effective date. The written notice must:
> (1) Describe information that must be included in a claim;
> (2) State whether the claim is admitted, or not admitted, and if admitted:
>     (A) The amount that is admitted, which may be as of a given date; and
>     (B) Any interest obligation if fixed by an instrument of indebtedness;
> (3) Provide a mailing address where a claim may be sent;
> (4) State the deadline, which may not be fewer than four (4) months from the effective date of the written notice, by which the dissolved corporation must receive the claim; and
> (5) State that, except to the extent that any claim is admitted, the claim will be barred if written confirmation of the claim is not received by the deadline.
> (c) A claim against the dissolved corporation is barred to the extent that it is not admitted:
> (1) If the dissolved corporation delivered written notice to the claimant in accordance with subsection (b) and the dissolved corporation does not receive a written notice of the claim by the deadline set out in subdivision (b)(4); or
> (2) If the dissolved corporation delivered written notice to the claimant that the claimant's claim is rejected, in whole or in part, and the claimant does not commence a proceeding to enforce the claim within three (3) months from the effective date of the rejection notice.

Tenn. Code Ann. § 48-64-107 (2002).

Plaintiffs assert that this statute has no effect on their claims inasmuch as ERISA preempts any and all state laws related to employee benefit plans. That proposition is correct

5

as clearly set forth in 29 U.S.C. § 1144(a).[1]  In order to "relate to" a benefit plan, "a law only need have a 'connection with or reference to such plan.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)).  Admittedly, virtually all state law claims relating to an employee benefit plan are preempted by ERISA.  *Marks*, 342 F.3d at 452.  However, a state law claim will not be preempted where the "effect on employee benefit plans is merely tenuous, remote or peripheral." *Id*.  As defendant correctly points out, Tennessee's corporate dissolution statute contains no reference to employee benefit plans and ERISA makes no reference to the dissolution of corporations.  The Court is aware of no authority, and plaintiffs have provided none, which holds that ERISA preempts all state corporate laws relating to companies in the business of administering ERISA plans.  *See Levy v. Chandler*, 287 F. Supp. 2d 831, 839 (E.D. Tenn. 2003).  Thus, the Court finds that application of Tennessee's corporate dissolution statute is not preempted by ERISA.

It appears undisputed and the Court concurs that, based on a review of the June 8, 2004 notice and the statute, defendant has complied with the requirements of section 48-64-107(b) in notifying plaintiffs of the corporation's impending dissolution.  Thus, it being further undisputed that defendant denied that plaintiffs had a valid claim, plaintiffs' claim may be statutorily barred if one of the alternatives in section 48-64-107(c) applies.

---

[1]Section 514(a) of ERISA states in part that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."  29 U.S.C. § 1144(a).

In compliance with the statute, the June 8, 2004 notice advised plaintiffs that a claim must be filed within four (4) months of the date of the notice, or on or about October 6, 2004. Contrary to defendant's assertion, however, the plaintiffs' October 5, 2004 letter does provide notice of an intent to bring a claim against the corporation. Specifically, the October 5 letter states, "if any funds have been transferred from the pension plan to the corporation *then this letter is to be considered a claim against the corporation... .*" [Doc. 28, Ex. 2 (emphasis added).] In light of the defendant's subsequent response that the pension plan's funds were distributed to the corporation [Doc. 28, Ex. 3], there can be no question that the plaintiffs intended to pursue a claim against the corporation and timely notified the corporation of their intent. Thus, section 48-64-108(c)(1) does not apply.

Section 48-64-107(c)(2) bars claims against the dissolving corporation if "the claimant does not commence a proceeding to enforce the claim within three (3) months from the effective date of the rejection notice." The rejection notice in this case refers back to CCCS' December 5, 2003 administrative decision denying the plaintiffs' claims [*see* Doc. 28, Ex. 4]. As noted previously, it is undisputed that plaintiffs have taken no steps to obtain judicial review of that decision in this Court or any other.

The plaintiffs' response to this argument is that they had a claim pending, *i.e.*, this case, and there was no reason to make a further claim. The defendant replies that the initial complaint in this case did not constitute an appeal of the December 5, 2003 decision because that decision had not been rendered at the time this action was filed. Thus, the plaintiffs have not "commenced a proceeding" to enforce their claim. The Court has found no precedent

discussing the application of section 48-64-107(c) in any situation, much less a situation analogous to the present facts. While the defendant's argument has a logical appeal, particularly when combined with the extraordinary delay in the prosecution of this case, the Court cannot conclude that plaintiffs' claim is barred by the application of section 48-64-107(c)(2). A common sense reading of the statute leads to the conclusion that plaintiffs need not "commence a proceeding" to enforce a claim that was already pending.

Finally, the Court declines to dismiss the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), which, as plaintiffs note, is a drastic remedy. However, given the unusual and lengthy delays in the history of this case, the Court expects the plaintiffs to now pursue a resolution on the merits with all deliberate speed.

Therefore, for the reasons set forth above, the defendant's motion to dismiss [Doc. 31] is respectfully **DENIED**. The plaintiffs are hereby **DIRECTED** to perfect and pursue an appeal of the defendant's December 5, 2003 administrative decision within ten (10) days of the entry of this opinion.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE